# FIRESTONE LAW PLLC

641 LEXINGTON AVENUE, SUITE 1313
NEW YORK, NEW YORK, 10022

Michael J. Firestone
Tel: 212-520-8276
Fax: 212-954-5295

mfirestone@firestonelawpllc.com

February 27, 2018

**BY ECF**

Hon. Robert W. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    **Scott v. Wei, et al., 15-CV-09691 (RWS)**

Dear Judge Sweet,

    I represent Objector NYGG (Asia) Ltd. ("NYGG (Asia)") in connection with its objection (the "Objection") to the proposed Settlement of this Derivative Action, and write in response to Derivative Plaintiff Alan Scott's (the "Derivative Plaintiff") Reply in Support of the Motion to Approve the Proposed Settlement ("Plaintiff's Reply") and Defendants Adam Hartung, David Kaufman and Anubhav Saxena's (the "Former Directors") Response to the Objections (the "Former Directors' Response"), filed on February 21, 2018.

    The grounds for NYGG (Asia)'s objection to the proposed Settlement are set forth in its Objection, and are not repeated here. Rather, NYGG (Asia) wishes to respond to certain points raised by the Derivative Plaintiff and the Former Outside Directors in their submissions.

    **1.**    **NYGG (Asia) has standing to object.** The Derivative Plaintiff wrongly contends that NYGG (Asia) has no standing to object because it is a non-settling defendant in the Derivative Action. *See* Plaintiff's Reply, at 3. While NYGG (Asia) was named a defendant by the Derivative Plaintiff, it is undisputed that it was never served with the complaint in the more than two years since it was filed. *See* Obj., at 7, fn. 1. Nor does it appear from the docket that service was even attempted. Thus, NYGG (Asia) cannot be considered a "defendant" because it is presently entitled to dismissal of the derivative claims against it as a matter of right under the Federal Rules. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

the action without prejudice against that defendant or order that service be made within a specified time.").

Thus, the case cited by the Derivative Plaintiff in support of this argument, *Darrow v. Southdown*, *Inc*., 574 F.2d 1333 (5th Cir. 1978) is inapposite, and in any event not controlling. *See* Plaintiff's Reply, at 3. Unlike the objector in *Darrow*, NYGG (Asia) was never formally made a defendant in the derivative action. Even assuming, *arguendo*, that NYGG (Asia) were deemed a defendant, the proposed Settlement here expressly *includes* NYGG (Asia) as a released party. This is fundamentally contrary to the facts in *Darrow* where the objecting defendant was purposefully excluded from releases in the settlement agreement. NYGG (Asia) is not obligated to support a proposed Settlement to which it never agreed, and it therefore has standing to object to its approval.

2. **NYGG (Asia) does not control 6D Global**.  The Former Directors incorrectly assert that NYGG (Asia) controls 6D Global and that it is therefore "highly unlikely" that NYGG (Asia) did not consent to the proposed Settlement before its execution. *See* Former Directors' Response, at 5-6. Similarly, the Derivative Plaintiff wrongly contends that the Objection should be disregarded because NYGG (Asia) caused the Company to enter into Settlement. *See* Plaintiff's Reply, at 8. The Derivative Plaintiff and the Former Directors provide no factual support for these absurd contentions, nor do they explain why NYGG (Asia) would object to a settlement that it previously supported. Moreover, the SEC filings cited by the Former Directors in support of this argument show only that NYGG (Asia) "may effectively control the outcome of ***corporate actions requiring stockholder approval***." *See id*., at 5 (citing Form S-3) (emphasis added). 6D Global's stockholders, however, were not asked to approve the proposed Settlement prior to its execution; thus, the SEC filings are irrelevant and prove nothing.

3. **The Proposed Settlement provides no benefits**.  In their papers, the Derivative Plaintiff and the Former Directors spend most of their time attacking NYGG (Asia) and calling its *bona fides* as an objector into question, rather than arguing that the proposed Settlement's "corporate governance reforms" provide substantial benefits to 6D Global. Indeed, it is indisputable that the reforms do not provide any benefits. Thus, even if NYGG (Asia) had not filed an objection, the proposed Settlement still could not be approved by the Court because it is worthless. *See Polar Intern. Brokerage Corp. v. Reeve*, 187 F.R.D. 108, 113-14 (S.D.N.Y. 1999) (The court "must reject a settlement it determines to be inadequate or unfair even if class members have not submitted any significant opposition.").

4. **The Derivative Action should be dismissed**.  As set forth in its Objection, NYGG (Asia) maintains that rather than settle the Derivative Action, it should be dismissed. The Derivative Plaintiff argues, without any legal basis, that NYGG (Asia) lacks standing to object because dismissal of the Derivative Action is not in the best interest of 6D Global and its shareholders. *See* Plaintiff's Reply, at 4. (The Derivative Plaintiff cites no case holding that a shareholder lacks standing to object simply because it disagrees with the Derivative Plaintiff about what would be best for the company and its shareholders. Indeed, were that the case, no shareholder could ever object to a proposed settlement.) Given the prior dismissal of the actions on which the Derivative Action is based, the Derivative Plaintiff's own admissions that the derivative claims are weak, and the fact that the proposed Settlement provides no benefits to the

Company but would authorize paying Derivative Plaintiff's Counsel $75,000 despite accomplishing nothing for the Company and its shareholders, this case is similar to *In re Subway Footlong Sandwich Marketing and Sales Practices Litig.*, 869 F.3d 551, 553 (7th Cir. 2017), where the 7th Circuit held that dismissal was more appropriate than settlement. In that case (discussed in detail in the Objection at 15-17), the court stated that a "class action that 'seeks only worthless benefits for the class' and 'yields [only] fees for class counsel' is 'no better than a racket' and 'should be dismissed out of hand,'" and that if a class settlement's "'principal effect' is to 'induce the defendants to pay the class's lawyers enough to make them go away,' then the class representatives have failed in their duty under Rule 23." *See In re Subway,* 869 F.3d at 553, 556.

      I look forward to answering any questions that Your Honor has concerning NYGG (Asia)'s objection at the hearing scheduled for February 28, 2018.

                        Respectfully submitted,

                        /s/ Michael J. Firestone

                        Michael J. Firestone

cc:    All Counsel