UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN SCOTT, DERIVATIVELY AND ON BEHALF OF 6D GLOBAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY; NEW YORK GLOBAL GROUP, INC.; NYGG (ASIA) LTD.; TEJUNE KANG; MARK SZYNKOWSKI; ADAM HARTUNG; DAVID S. KAUFMAN; TERRY McEWEN; ANUBHAV SAXENA; PIOTR A. CHRZASZCZ, and MICHAEL BANNOUT, <br><br> Defendant. | Case No. 1:15-cv-09691 (RWS) |

**NYG DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendants Benjamin Wey and NYG Capital, LLC, identified incorrectly in the Amended Complaint as "Benjamin Tianbing Wei a/k/a Benjamin Wey"[1] and "New York Global Group, Inc."[2] (collectively, the "NYG Defendants") respectfully submit this memorandum of law in support of their motion to dismiss and in opposition to plaintiff's motion for leave to amend.

## STATEMENT OF FACTS

Plaintiff brings this lawsuit as a shareholder derivative action on behalf of 6D Global Technologies, Inc. ("6D"). (*See* Am. Compl. ¶ 1.)[3] He asserts claims against the NYG Defendants for breach of fiduciary duty and unjust enrichment. (*See id.* ¶¶ 318-330.)

For additional background, the NYG Defendants respectfully refer the Court to the statements of facts in the Memorandum of Law in Support of the Former Outside Directors' Motion to Dismiss Plaintiff's Amended Verified Shareholder Derivative Complaint, dated August 23, 2018, Dkt. No. 80 (the "Outside Directors' Br.") and the Memorandum of Law in Support of the 6D Defendants' Motion to Dismiss Plaintiff's Proposed Second Amended Complaint, dated August 30, 2018, Dkt. No. 84 ("the "6D Defendants' Br.").

## ARGUMENT

In support of their motion to dismiss and in opposition to plaintiff's motion to amend the complaint, the NYG Defendants respectfully join in and incorporate the recitations of law and the arguments set forth in the Outside Directors' Brief, the 6D Defendants' Brief, and The

---

[1] "Benjamin Wey" is Defendant Wey's legal name. The Amended Complaint incorrectly identifies Mr. Wey as Benjamin Tianbing Wei.

[2] As to the facts alleged in the Amended Complaint, during the relevant period Mr. Wey conducted business as Chief Executive Office of NYG Capital, LLC, dba "New York Global Group." We understand that Mr. Wey has never been affiliated with the legal entity New York Global Group, Inc.

[3] A copy of the Amended Complaint is attached as Exhibit 1 to the Declaration of Nathaniel E. Marmon in Support of the NYG Defendants' Motion to Dismiss.

Former Outside Directors' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, dated August 23, 2018, Dkt. No. 81 (the "Outside Directors' Opp. Br."). The NYG Defendants briefly supplement those statements of law and arguments as follows:

**I. The Court Should Dismiss Plaintiff's Claims Against the NYG Defendants Under the Exclusive Forum-Selection Clause in the 6D Bylaws**

As discussed in the Outside Directors' Brief and the 6D Defendants' Brief, 6D's bylaws provide that the Delaware Chancery Court is the "sole and exclusive forum" for "any derivative action or proceeding brought on behalf of the Corporation." (Fini Decl. Ex. 4.)[4] As to the NYG Defendants, Plaintiff asserts only derivative state-law tort claims. Those claims must be dismissed in favor of the Delaware Chancery Court.

**II. The Court Should Dismiss Plaintiff's Claims Against the NYG Defendants for Failure to Make a Demand or Plausibly Plead Demand Futility**

As discussed in the Outside Directors' Brief, Plaintiffs failed to make a demand on the board or to plausibly plead demand futility. (6D Directors' Br. 15-25.) Under Delaware law, therefore, the Court should dismiss Plaintiff's derivative claims against the NYG Defendants.

**III. The Court Should Dismiss Plaintiff's Unjust Enrichment Claim Against the NYG Defendants for Failure to State a Claim**

A claim of unjust enrichment requires proof that (i) the defendant was enriched, (ii) at plaintiff's expense, and (iii) it is against equity and good conscience to permit the defendant to retain what plaintiff seeks to recover. *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

---

[4] The "Fini Decl." refers to the Declaration of Tom M. Fini, dated August 30, 2018, Dkt. No. 83.

Despite their length and prolixity, neither the Amended Complaint nor the Proposed Second Amended Complaint allege that the NYG Defendants were enriched *at plaintiff's expense*. In fact, there is no allegation that the NYG Defendants ever received *anything* from 6D. Plaintiff thus fails to plausibly allege the elements of unjust enrichment as against the NYG Defendants. (*See also* Outside Directors' Br. 20.)

## IV. The Court Should Deny Plaintiff's Motion for Leave to Amend

Nothing in the Proposed Second Amended Complaint (Dkt. No. 59-1) addresses the issues described above. The Delaware Chancery Court is the proper forum for any derivative action brought on behalf of 6D. Plaintiff failed to make a demand on the board or to plausibly allege demand futility. And Plaintiff fails to allege the elements of unjust enrichment as to the NYG Defendants. Leave to amend would thus be futile. (*See also* Outside Directors' Opp. Br. 1-6.)

## CONCLUSION

For the reasons set forth above, the Court should dismiss plaintiff's First Claim (Against the Defendants for Breach of Fiduciary Duties) as against the NYG Defendants and dismiss plaintiff's Second Claim (Against the Defendants for Unjust Enrichment) as against the NYG Defendants.

Dated:   New York, New York
         September 14, 2018

                                            Respectfully submitted,

                                            **LUPKIN PLLC**

                                            By:   /s/ Jonathan D. Lupkin_____
                                                   Jonathan D. Lupkin (JL 0792)
                                                   Nathaniel E. Marmon (NM 5075)

                                80 Broad Street, Suite 1301
                                New York, New York 10004
                                (646) 367-2771
                                (646) 219-4870 (fax)
                                jlupkin@lupkinpllc.com
                                nmarmon@lupkinpllc.com
                                *Counsel for Benjamin Tianbing Wei*
                                *a/k/a Benjamin Wey and*
                                *New York Global Group, Inc.*

4833-2444-6321, v. 1