UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN SCOTT, DERIVATIVELY AND ON BEHALF OF 6D GLOBAL TECHNOLOGIES, INC.,<br><br>            Plaintiff,<br><br>   -against-<br><br>BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY; NEW YORK GLOBAL GROUP, INC.; NYGG (ASIA) LTD.; TEJUNE KANG; MARK SZYNKOWSKI; ADAM HARTUNG; DAVID S. KAUFMAN; TERRY McEWEN; ANUBHAV SAXENA; PIOTR A. CHRZASZCZ, and MICHAEL BANNOUT,<br><br>            Defendant. | Case No. 1:15-cv-09691 (RWS) |

**NYG DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

## Table of Authorities

Cases

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*,

   571 U.S. 49 (2013) .................................................................................................................. 1

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,

   373 F.3d 296 (2d Cir. 2004) .................................................................................................... 4

*Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*,

   160 F.Supp.2d 722 (S.D.N.Y. 2001) ....................................................................................... 1

*Joe Hand Promotions, Inc. v. Elmore*,

   No. 11-CV-3761 KAM SMG, 2013 WL 2352855 (E.D.N.Y. May 29, 2013) ............................ 2

*Navico, Inc. v. Garmin Int'l, Inc.*,

   No. 2:16-CV-190, 2017 WL 2957882 (E.D. Tex. July 11, 2017) ............................................. 2

*Totalplan Corp. of Am. v. Lure Camera Ltd.*,

   613 F. Supp. 451 (W.D.N.Y. 1985) ........................................................................................ 2

Rules

Rule 12 of the Federal Rules of Civil Procedure ........................................................................ 1, 2

Defendants Benjamin Wey and NYG Capital, LLC, identified incorrectly in the Amended Complaint as "Benjamin Tianbing Wei a/k/a Benjamin Wey" and "New York Global Group, Inc." (collectively, the "NYG Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss and in opposition to plaintiff's motion for leave to amend.

## ARGUMENT

The NYG Defendants join the arguments made by the 6D and Director Defendants in their reply briefs. The NYG Defendants also make the following additional arguments.

**I.  The Court Should Dismiss Plaintiff's Claims Against the NYG Defendants Under the Exclusive Forum-Selection Clause in the 6D Bylaws**

Plaintiff argues that, pursuant to Rule 12(h)(1)(B)(i) of the Federal Rules of Civil Procedure, the NYG Defendants waived their forum-selection defense because they did not raise it in response to the original complaint. (Pls.' Opp. Br. 21-22.) Plaintiff's argument relies on sleight of hand. As an initial matter, Rule 12(h)(1)(B)(i) provides only that "a party waives any defense *listed in Rule 12(b)(2)-(5)* by . . . failing to . . . make it by motion under this rule." But, as to their forum-selection defense, defendants have not moved under Rule 12(b). Rather, the defendants moved under the doctrine of *forum non conveniens* because, as noted in the 6D Defendants' opening brief, "[t]he Supreme Court has held that 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non convenien*s.'" (6D Defs.' Br. (quoting *Alt. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013)).) Unlike a Rule 12(b) motion, a motion for *forum non conveniens* may be made at *any* time. *See, e.g.*, *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F.Supp.2d 722, 742 (S.D.N.Y. 2001) ("[T]he caselaw seems to be clear that *forum non conveniens* motions are not governed by the same time constraints imposed by Rule 12(h) of the

1

Federal Rules of Civil Procedure on personal jurisdiction and venue motions." (citations omitted)).

In any event, even if Rule 12(h)(1)(B)(i) applied, the NYG Defendants did not waive the forum-selection defense under that rule. First, Plaintiff did not properly serve the NYG Defendants with the initial complaint (and offers no evidence of proper service). The NYG Defendants thus had no obligation to answer the original complaint, and their failure to do so did not waive any available defenses to that complaint.[1]

As to the operative complaint, the NYG Defendants moved to dismiss within the time allowed under Rule 12 of the Federal Rules of Civil Procedure and raised the forum-selection defense in their motion. The defense is thus timely.

In making the waiver argument, Plaintiff cites a series of inapposite cases. (*See* Pls.' Opp. Br. 21-22.) They are inapposite because none involved a motion to enforce a forum-selection clause under the doctrine of *forum non conveniens*, and none involved a motion to dismiss that was made within the time permitted under Rule 12.[2]

---

[1] Plaintiff did not seek a default against the NYG Defendants until after he had already filed an amended complaint. (*See* Dkt. Nos. 66-69.) When he did, the clerk rejected the proposed default because Plaintiff had not yet served the NYG Defendants with the amended complaint. The Court thus never adjudicated whether Plaintiff properly served the NYG Defendants with the initial complaint.

[2] *See Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 KAM SMG, 2013 WL 2352855, at *1 n.2 (E.D.N.Y. May 29, 2013) (simply noting, *sua sponte*, potential venue issue not raised by defendant and further noting that improper venue is waivable); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) (denying motion to dismiss for improper venue where defendant admitted venue was proper in answering both initial and amended complaint and "litigated this case through claim construction and engaged in substantial motion practice without objecting to venue"); *Totalplan Corp. of Am. v. Lure Camera Ltd.*, 613 F. Supp. 451, 456 (W.D.N.Y. 1985) (considering motions to dismiss *notwithstanding* defendants' technical default in failing to answer complaint within time required).

## II. The Court Should Dismiss Plaintiff's Unjust Enrichment Claim Against the NYG Defendants for Failure to State a Claim

As discussed in the Wey Defendants' opening brief, the Amended Complaint contains no allegations that the Wey Defendants were enriched at the Company's expense. Plaintiff tries unsuccessfully to fill this gap with citations to the proposed Second Amended Complaint. (Pl.s' Br. 23-24.) But, again, the allegations cited fail to support Plaintiff's claim because they do not actually allege that the Wey Defendants were enriched at 6D's expense.

First, Plaintiff cites allegations in the proposed complaint for the proposition that the NYG Defendants "manipulated the Company for their own self-interest and at the Company's expense, including through illicitly manipulating the Company's shares for their personal profit." (Pl.'s Br. 23 (citing SAC ¶¶ 383-84, 438).) But the allegations cited in support of this proposition are generic, conclusory statements about *all* of the defendants—not the NYG Defendants specifically. They do not support the conclusion that the NYG Defendants benefitted at Plaintiff's expense. For example, the Second Amended Complaint alleges in broad strokes that "[t]he Defendants either benefitted financially from the improper conduct, including through proceeds or fees received from the stock manipulation scheme, or received bonuses, stock options, or similar compensation from 6D Global that was tied to the performance or artificially inflated valuation of 6D Global, or received compensation that was unjust in light of the Defendants' bad faith conduct." (SAC ¶ 438.) As this vague allegation shows—and as the additional allegations discussed below show—Plaintiff cannot point to any specific compensation, fees, or other benefits actually paid by the Company *to the NYG Defendants*.

Second, Plaintiff cites an allegation about the NYG Defendants "hiring overly-expensive [sic] accountants and lawyers for the Company with personal connections to [Mr.] Wey." (Pl.'s Br. 23 (citing SAC ¶ 184).) That is, Plaintiff expressly alleges that *third parties* were enriched—

3

not the Wey Defendants. This allegation thus plainly fails to support the unjust enrichment claim against the Wey Defendants.

Third, Plaintiff cites allegations about the NYG Defendants "granting unauthorized Company stock options to NYGG employees." (Pl.'s Br. 24 (citing SAC ¶ 186).) Again, the actual allegations make clear that these stock options were given to individual New York Global Group employees—not to the Mr. Wey or to New York Global Group itself. (SAC ¶ 186.) That is, neither defendant received any direct benefit. In any event, the proposed Second Amended Complaint also alleges that 6D has already *rescinded* those stock options. (*See id.*) The allegedly inequitable benefit received has thus already been returned to the Company. As to the stock options, therefore, the unjust enrichment claim fails for this additional reason. *See Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (elements of unjust enrichment include that "equity and good conscience mitigate against permitting defendant *to retain* what plaintiff is seeking to recover" (emphasis added).)

Fourth, Plaintiff cites allegations for the proposition that the NYG Defendants took "control over irrational acquisition strategies that made no sense to the Company's bottom line but benefited Wey's interests and family personally and furthered his scheme." (Pl.'s Br. 24 (citing SAC ¶¶ 187-200).) Again, although the paragraphs of the proposed Second Amended Complaint that Plaintiff cites allege that Mr. Wey controlled certain transactions, they do *not* allege that the NYG Defendants received any direct benefit from the Company in connection with those transactions. Without allegations the NYG Defendants received any actual benefit at the Company's expense, Plaintiff's unjust enrichment claim must be dismissed.

## CONCLUSION

For the reasons set forth above and in the NYG Defendants' opening brief, the Court should dismiss plaintiff's First Claim (Against the Defendants for Breach of Fiduciary Duties) as against the NYG Defendants and dismiss plaintiff's Second Claim (Against the Defendants for Unjust Enrichment) as against the NYG Defendants.

Dated:    New York, New York
          October 22, 2018

                                        Respectfully submitted,

                                        **LUPKIN PLLC**

                                        By: /s/ Jonathan D. Lupkin
                                              Jonathan D. Lupkin (JL 0792)
                                              Nathaniel E. Marmon (NM 5075)

                                        80 Broad Street, Suite 1301
                                        New York, New York 10004
                                        (646) 367-2771
                                        (646) 219-4870 (fax)
                                        jlupkin@lupkinpllc.com
                                        nmarmon@lupkinpllc.com
                                        *Counsel for Benjamin Wey and*
                                        *NYG Capital, LLC*

4839-7175-1800, v. 4