## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/21

| | |
|---|---|
| ALLAN SCOTT, DERIVATIVELY AND ON BEHALF OF 6D GLOBAL TECHNOLOGIES, INC., <br><br>     PLAINTIFF, <br><br> - AGAINST - <br><br> BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY; NEW YORK GLOBAL GROUP, INC.; NYGG (ASIA) LTD., TEJUNE KANG; MARK SZYNKOWSKI; ADAM HARTUNG; DAVID S. KAUFMAN; TERRY MCEWEN; ANUBHAV SAXENA; PIOTR A. CHRZASZCZ, AND MICHAEL BANNOUT, <br><br>     DEFENDANTS, <br><br> -AND – <br><br> 6D GLOBAL TECHNOLOGIES, INC., <br><br>     NOMINAL DEFENDANT. | Case No: 15-cv-9691-AJN |

## ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing, pursuant to the Order Granting Plaintiff's Motion for Preliminary Approval of Derivative Action Settlement dated October 1, 2020 ("Preliminary Approval Order"), on the application of Derivative Plaintiff Allan Scott ("Derivative Plaintiff") for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 7, 2019, and the Exhibits thereto (the "Stipulation"). Due and adequate notice having been given to the shareholders of 6D Global Technologies, Inc. ("6D Global") as required in the Preliminary Approval Order, and the Court, having considered all arguments made and papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     For purposes of this Final Order and Judgment (the "Final Judgment") the Court incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2.     The Court finds that the Settlement is in all respects fair, just, reasonable, and adequate to, and in the best interests of 6D Global, Current 6D Global Shareholders, and Derivative Plaintiff, and hereby approves the Settlement set forth in the Stipulation.

3.     The Federal Derivative Action is hereby dismissed as to all of the Settling Defendants with prejudice and without prejudice as to 6D Global and the remaining Defendants.

4.     The Settling Parties are to bear their own costs, except as set forth in the Stipulation and paragraph 6 herein.

5.     The methods of dissemination and contents of the Notice of the Settlement of the Federal Derivative Action as provided in the Stipulation and the Stipulation and Agreement of Settlement of the putative class action captioned *Castillo, Iv v. 6D Global Technologies, Inc., et al.,* No. 15-cv-8061-AJN dated as of October 7, 2019 constituted the best notice practicable under the circumstances to Current 6D Global Shareholders and fully satisfied the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure, due process under the United States Constitution, and any other applicable law, and constituted due and adequate notice to all persons entitled thereto.

6.      The Court approves the agreed-upon Fee and Expense Award of $80,000.00 to Derivative Plaintiff's Counsel, finding such Fee and Expense Award is fair and reasonable.

7.      The Court finds that the Derivative Plaintiff shall be awarded $1,500.00 for his participation and efforts in the Derivative Actions. Such payments shall be deducted from the agreed-upon Fee and Expense Award set forth in paragraph 6 herein. The Court finds that the Award to Derivative Plaintiff is fair and reasonable, in accordance with the Stipulation.

8.      Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Those Defendants in the Derivative Actions who are not Settling Defendants shall be barred from asserting contribution or indemnification claims against the Individual Defendants for any liability based on the claims in the Derivative Actions. Any final verdict or judgment that may be obtained by or on behalf of the Derivative Plaintiff, derivatively on behalf of 6D Global, against any person for loss for which such person and any Released Parties are found to be jointly liable shall be reduced by the greater of (a) an amount that corresponds to the total amount of the Individual Defendants' percentage of responsibility for the loss to the Derivative Plaintiff and/or 6D Global; or (b) the amount paid on behalf of the Individual Defendants under this settlement.

9.      Upon the Effective Date, Settling Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged 6D Global, Derivative Plaintiff, Current 6D Global Shareholders in their capacity as 6D Global shareholders, Derivative Plaintiff's Counsel

and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Derivative Actions (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Derivative Plaintiff, Current 6D Global Shareholders in their capacity as 6D Global shareholders, Derivative Plaintiff's Counsel and their Related Parties. Nothing contained herein shall, however, bar the Settling Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Nothing in this paragraph shall be deemed to alter, amend, release, or waive any indemnification rights that any current or former officer, director, or employee of 6D Global has against 6D Global under the Certificate of Incorporation of 6D Global, and/or the bylaws of 6D Global, pursuant to applicable provisions of Delaware statutory or common law governing such indemnification, nor to alter, amend, release, or waive any defenses to such claims for indemnification that 6D Global may have. Nothing in this paragraph shall constitute a general release by 6D Global of any other claims that may exist or arise between 6D Global and any current or former officer, director, or employee of 6D Global.

10.     The Court permanently bars and enjoins Derivative Plaintiff, 6D Global, and Current 6D Global Shareholders from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution, or instigation of any action asserting any Released Claims against any of the Released Parties, either directly, representatively, derivatively, or in any other capacity.

11.     The Released Parties and any of them may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Final Judgment in any way, the Court hereby has jurisdiction and retains continuing jurisdiction over the Federal Derivative Action and the

Settling Parties and their respective counsel for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.

13.     If any of the conditions listed in paragraph 8.3 of the Stipulation are not met, the Stipulation and any Settlement documentation shall be null and void and of no force and effect. In the event that any of the conditions listed in paragraph 8.3 of the Stipulation are not met, the Settling Parties shall be restored to their positions on the date immediately prior to May 1, 2019, the Stipulation shall not be deemed to constitute an admission of fact by any Settling Party, and neither the existence of the Stipulation, nor its contents shall be admissible in evidence or be referred to for any purposes in the Derivative Actions or in any litigation or judicial proceeding. Further, all releases delivered in connection with the Stipulation shall be null and void.

14.     In the event that this Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

15.     Neither the Stipulation, nor the Settlement contained therein, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by any of the Settling Defendants or by any of the Released Parties, or as evidence of the merits of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind. Neither the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Stipulation and except that the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The Court finds that the Settling Parties and their counsel have not violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute,

and/or the Private Securities Litigation Reform Act ("PSLRA") in connection with the Derivative Actions, the Settlement, or the Stipulation. The Settling Parties agree that the Derivative Actions were resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Final Judgment dismissing the Federal Derivative Action as to all of the Settling Defendants with prejudice and without prejudice as to 6D Global and the remaining Defendants and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____  May 12, 2021

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE